UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO A. PAJE and TERESITA L. PAJE,<br><br>　　　　　　Plaintiffs,<br>v.<br>RECONTRUST COMPANY, N.A. et al.,<br><br>　　　　　　Defendants. | Civil No. 11cv444 JAH (CAB)<br><br>**ORDER SUA SPONTE DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

Now pending before the Court in this foreclosure case is a motion to dismiss filed by defendants Recontrust Company, N.A. ("Recontrust"); BAC Home Loans Servicing, L.P. (erroneously sued as Bank American Corporation Home Loan Servicing, L.P.); Mortgage Electronic Registration Systems, Inc. ("MERS"); and US Bank, N.A. (as trustee for the certificate holders of SARM 05-19XS) (collectively, "Defendants"). (Dkt. No. 18.) After a review of Plaintiffs' First Amended Complaint ("FAC"), however, this Court finds that it lacks subject matter jurisdiction over this matter and, accordingly, sua sponte **DISMISSES** this case without prejudice. Thus, Defendants' Motion to Dismiss is **DENIED** as moot.

## PROCEDURAL BACKGROUND

On March 3, 2011, Plaintiffs filed their original complaint, which alleged causes of

action for (1) violation of California Civil Code section 2923.5, (2) breach of the implied covenant of good faith and fair dealing, (3) civil conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), and (5) fraudulent concealment.  (Dkt. No. 1.)

Thereafter, on July 26, 2011, Plaintiffs filed their FAC, which alleges only causes of action for declaratory and injunctive relief pursuant to California Code of Civil Procedure sections 1060 and 526, respectively.  (Dkt. No. 4.)

On August 15, 2011, this Court granted Plaintiffs' Motion for Preliminary Injunction, enjoining Defendants from taking any action to foreclose the property at issue.  (Dkt. No. 14.)

On August 22, 2011, Defendants filed the instant motion to dismiss.[1]  (Dkt. No. 18.) On November 28, 2011, the Court granted the parties' joint motion to continue the hearing date on Defendants' Motion to Dismiss to January 9, 2012.  (Dkt. No. 27.)

## ALLEGATIONS

Plaintiffs allege they agreed to pay former defendant K. Hovnanian American Mortgage, LLC ("KHAM") $400,000.00 in exchange for real property located in San Diego, California. (FAC ¶ 13.)  The agreement was accomplished through the use of a promissory note, secured by a deed of trust.  (Id.)  Plaintiffs allege the original deed of trust names defendant MERS as beneficiary, Nick Pappas as trustee, and KHAM as lender.  (Id. ¶ 14.)  Plaintiffs allege that, after the transaction was consummated, Reconstruct was appointed as successor trustee, and Countrywide Home Loans acquired the obligation then securitized it through a series of financial transactions.

With regard to the successor trustee, Plaintiffs allege that Defendants have no valid legal interest in the subject property because the purported appointment of Reconstruct failed to comply with applicable provisions in the deed of trust.  (Id. ¶¶ 15-16.)  Specifically, Plaintiffs allege the deed of trust's provision regarding substitute trustees requires any substitution of trustee to be recorded in the office of the county recorder in which the property is located.

---

[1] For unknown reasons, Defendants actually filed two motions to dismiss on August 22, 2011.  (See Dkt. Nos. 16, 18.)  Defendants, however, withdrew the Motion to Dismiss at Docket Number 16.  (See Dkt. No. 21.)

2

Plaintiffs allege no such substitution was recorded as required by the deed of trust. As such, Plaintiffs allege that, contrary to the notice of trustee's sale naming Recontrust as the trustee, Nick Pappas remains the current trustee.

With regard to the securitization of the obligation, Plaintiffs allege that Defendants have no valid legal interest in the subject property because Countrywide Home Loans failed to comply with "traditional contract law" rules needed to maintain a valid lien with regard to a securitized mortgage. (Id. ¶¶ 22-23.) That is, Plaintiffs allege Countrywide Home Loans was required to, but did not, properly assign and transfer the promissory note and deed of trust when transferring the right to repayment under the loan to the pool of mortgages that was eventually securitized.

In sum, Plaintiffs allege Defendants have no authority to foreclose on the subject property per defects in appointing a successor trustee and per defects in the securitization of the obligation.

Regarding jurisdiction, Plaintiffs' allege this Court's subject matter jurisdiction arises from a federal question pursuant to 28 U.S.C. § 1331, along with supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiffs also allege this Court has subject matter jurisdiction under "15 U.S.C. §§ 1601 *et seq.*, 15 U.S.C. § 1639, 12 U.S.C. §§ 2601 *et seq.*, and 18 U.S.C. §§ 1961 *et seq.*" Other than in Plaintiffs' jurisdictional allegations, however, none of these federal statutes appear in Plaintiffs' FAC.

In their First Cause of Action, Plaintiffs seek declaratory relief pursuant to California Code of Civil Procedure section 1060, which provides that, in cases of actual controversy, an interested party to a contract may seek a declaration of its rights under the contract. In their Second Cause of Action, Plaintiffs seek injunctive relief pursuant to California Code of Civil Procedure section 526, which provides that an injunction may be granted when it appears by the complaint that a plaintiff is entitled to the relief. Plaintiffs allege they are entitled to the relief because Defendants have failed to demonstrate they are entitled to foreclose on the subject property and, without elaborating, because Defendants have instituted the foreclosure through fraudulent misrepresentations.

# DISCUSSION

## I. Legal Standard

A court may dismiss an action sua sponte at any time for lack of jurisdiction. See Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Bd. Cal. v. Constr. Laborers Vacation Trust, 461 U.S. 1, 10 (1983). The plaintiff is the master of the claim, and federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A suit may be dismissed for lack of jurisdiction where an alleged claim under the Constitution or a federal statute "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946); Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir. 1981).

## II. Analysis

Plaintiffs' FAC presents no federal question by which this Court could assume subject matter jurisdiction. While Plaintiffs' original complaint included claims under RICO and RESPA, Plaintiff's FAC includes claims only for declaratory and injunctive relief under California law. Even if this Court were to construe Plaintiffs' declaratory relief claim as arising under the federal Declaratory Judgment Act, however, Plaintiffs' right to relief rests on either contract or property law principles – both generally within the purview of state law. With regard to the successor trustee issue, Plaintiff's right to relief depends on application (and possible interpretation) of the successor trustee provision in the deed of trust. And with regard to Countrywide Home Loan's securitization of the obligation, Plaintiffs specifically state that Countrywide Home Loans failed to comply with "traditional contract law." The Court finds Plaintiffs' mere reference to the various federal statutes in their jurisdictional allegations to be

immaterial and insubstantial.  In sum, Plaintiff presents no claim that arises under the Constitution, laws, or treaties of the United States.  Accordingly, this Court dismisses Plaintiff's FAC for lack of subject matter jurisdiction.[2]

### CONCLUSION AND ORDER

After a careful review of the pleadings, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. This case is **DISMISSED** without prejudice;
2. Defendants' Motion to Dismiss is **DENIED** as moot;
3. The Preliminary Injunction granted on August 15, 2011 is **DISSOLVED**.

Dated: January 10, 2012

JOHN A. HOUSTON
United States District Judge

---

[2] While the Court could assume supplemental jurisdiction under 28 U.S.C. § 1367, the Court declines to do so given the early stage of the case.

5